UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                                      **DECISION AND ORDER**
        v.                                                                                   18-CR-213-A

DEMETRIUS PARKER,

                        Defendant.

---

       This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On October 22, 2019, Magistrate Judge Schroeder filed a Report, Recommendation and Order, Dkt. No. 44, recommending that defendant Parker's motions to dismiss a one-Count Superseding Indictment and to suppress evidence of a show-up identification of the defendant, Dkt. No. 32, be denied.

       Defendant Parker filed objections to the recommendations of the Magistrate Judge on November 26, 2019. Dkt. No. 47. The United States filed a response on December 30, 2019, Dkt. No. 48, and the defendant replied on January 13, 2020. Dkt. No. 50. The parties filed some of the supplemental memoranda required by the Court in a January 28, 2020 Order. Dkt. Nos. 52, 56-58. The Court concluded that oral argument of the objections is unnecessary and deemed the objections submitted on April 2, 2020, when the last of the parties' supplemental memoranda were due to be filed.

Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised. The Court presumes the parties' familiarity with the issues that are before the Court and writes only enough to explain its rulings. Upon *de novo* review, and for the additional reasons that follow, the Court adopts the October 22, 2019 Report, Recommendation and Order, Dkt. 44, and defendant Parker's motions to dismiss and to suppress are denied.

**Motion to Dismiss the Superseding Indictment.** For present purposes, the Court assumes that a copy of a Certificate of Conviction or Discharge submitted to the Magistrate Judge by defendant Parker accurately shows that investigative materials related to events from which this case arises were sealed pursuant to New York Criminal Procedure Law 160.50 on May 10, 2018. *See* Dkt. No. 47, Ex. A; *see also*, *People v. Rivera*, 14 Misc.3d 726, 730-31 (N.Y. Sup. 2006). The Court also assumes that some of these investigative materials were transferred to the U.S. Attorney's Office in derogation of the seal on or about June 25, 2018, and were on a later date presented to the Grand Jury that returned the Superseding Indictment that charges the defendant with one Count of violating 18 U.S.C. § 922(g) by possessing a firearm after having been convicted of a felony. Even with all these assumptions, the defendant nevertheless fails to establish that there is either a federal constitutional basis or a federal statutory basis to justify dismissal of the Superseding Indictment because a New York statutory seal was violated.

In affirming denial of a motion to suppress records of an out-of-court identification obtained in violation of a N.Y.C.P.L. 160.50 seal in *United States v. Jakobetz*, 955 F.2d 786 (2d Cir. 1992), the Second Circuit observed that "[t]here is no authority to indicate that [the defendant's] constitutional rights have been violated [by use of the sealed identification]."  That observation remains consistent with the law today, and just as the use of evidence obtained in violation of N.Y.C.P.L. 160.50 does not justify suppression of evidence pursuant to the exclusionary rule under the Fourth or Fifth Amendments, it does not justify the even more severe sanction of dismissing an otherwise lawfully-returned indictment of a federal grand jury.  *See United States v. Williams*, 504 U.S. 36, 46 (1992); *see also United States v. Cuervelo*, 949 F.2d 559, 565 (2d Cir. 1991).

The Court has considered defendant Parker's remaining arguments in support of dismissal of the Superseding Indictment and finds them to be without merit.  The defendant's new speculation, not raised before the Magistrate Judge, that a violation of a N.Y.C.P.L. 160.50 seal in this case might have been the result of a policy decision by the Erie County District Attorney's Office to disregard the statutory seal, even if it had been timely raised, is too speculative to warrant an evidentiary hearing or any further consideration.  The defendant's motion to dismiss the Superseding Indictment is therefore denied.

**Motion to Suppress the Show-Up Identification.**  Upon *de novo* review, the Court adopts the reasoning of the Magistrate Judge in support of the conclusion that the October 10, 2017 show-up identification of defendant Parker did not

engender a sufficiently substantial likelihood of irreparable misidentification to require a pretrial *Wade*[1] hearing or suppression of the identification.  The United States now argues the show-up was necessary in connection with the  "separate, distinct, and unrelated, [road-rage menacing incident] . . . involv[ing] different witnesses," and seemingly concedes the show-up was not necessary in connection with the later events giving rise to the felon-in-possession charge in the Superseding Indictment.  *See* Dkt. No. 57, p. 4.  Accordingly, if testimony of the show-up identification is otherwise admissible during the trial as relevant evidence that is not unduly cumulative, the Court will ensure that the *Neil v. Biggers*[2] factors of independent reliability are thoroughly aired.  *See Dunnigan v. Keane*, 137 F.3d 117, 1129 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, and for the additional reasons stated in the October 22, 2019 Report, Recommendation and Order, Dkt. No. 44, defendant Parker's motions to dismiss the Superseding Indictment and to suppress testimony of a show-up identification of the defendant, Dkt. No. 33, are both denied.

Counsel for the parties shall confer and shall file a motion on or before May 6, 2020, requesting either that the Court set a date for trial or grant a brief adjournment for the parties to exhaust any change-of-plea negotiations.  If moving for a trial date,

---

[1]  *United States v. Wade*, 388 U.S. 218 (1967).

[2]  *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

the parties should advise the Court approximately how long the trial is expected to last, about any substantial motions *in limine* that a party believes should be resolved in advance of the trial, and whether there are any impediments to the testimony of crucial witnesses. If seeking an adjournment, the parties shall provide the Court with enough facts to permit the Court to assess whether the interests of justice warrant a Speedy Trial Act exclusion of time under 18 U.S.C. § 3161(h)(7)(A) and shall provide the Court with their views on whether Speedy Trial Act time should be excluded.

**SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 4, 2020